IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| ROSITA FOUNTAIN et al., | ) | CIVIL NO. 15-00119 SOM/RLP |
|---|---|---|
| Plaintiffs, | ) ) ) | ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S |
| vs. | ) ) | FIRST AMENDED COMPLAINT |
| JP MORGAN CHASE BANK, N.A.; JOHN DOES 1-50; JANE DOES 1-50; DOE PARTNERSHIPS 1-50; DOE CORPORATIONS 1-50; DOE ENTITIES 1-50; AND DOE GOVERNMENTAL UNITES 1-50, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

**I.      INTRODUCTION.**

Defendant JP Morgan Chase Bank, N.A., initiated, then voluntarily dismissed, a state judicial foreclosure action against Plaintiffs Rosita and Leslie Fountain, (collectively, the "Fountains").  The Fountains ultimately sold their house and paid the balance of the loan owed to Chase.  The Fountains now assert claims against Chase concerning their unsuccessful attempt to modify their loan before the foreclosure action was filed.  *See* First Amended Complaint, ECF No. 16.

On September 21, 2015, this court stayed this action before ruling on the present motion to allow the Hawaii Supreme Court to rule on an issue at the heart of this action.  On April 10, 2017, the court reopened the case in light of the Hawaii

Supreme Court's issuance of its ruling in *Hungate v. Law Office of David B. Rosen*, 139 Haw. 394, 411, 391 P.3d 1, 18 (2017).

Pursuant to Local Rule 7.2(d), the court, proceeding without a hearing, grants Chase's motion to dismiss.

**II.      BACKGROUND.**

The Fountains got a loan from Long Beach Mortgage Company, secured by a mortgage on their home in Mililani on the west side of Oahu. Chase allegedly purchased the loan and accompanying mortgage, and thereafter collected payments from the Fountains. *See* ECF No. 16, PageID #s 302, 304.

It appears that, in 2010, the Fountains ran into financial difficulties. They applied for a mortgage modification through the federally funded Making Home Affordable Program. *See* ECF No. 16-1, PageID #s 340-42, 345. They describe that program as offering incentives for modifying certain mortgages by reducing a borrower's monthly loan payments to an affordable level. *See* Complaint, ECF No. 16, PageID # 305.

The Fountains' mortgage was not modified, and on April 15, 2013, Chase filed a foreclosure action against them in Hawaii state court. *See* Docket Sheet, *U.S. Bank Nat'l Ass'n v. Fountain, et al.*, 1CC13-1-001123, ECF No. 22-2, PageID # 459. The foreclosure action was voluntarily dismissed after the Fountains sold their home and paid off the loan. *See* ECF No. 22-

2

2, PageID # 460 (docket sheet indicating dismissal); ECF No. 22-3 (warranty deed from the Fountains).

The Fountains now allege that, in handling their loan modification application, Chase failed to meet its obligations as lender and servicer of their mortgage. They claim that Chase breached industry standards established in the "National Mortgage Settlement," an agreement that the attorneys general of Hawaii and 48 other states and the District of Columbia reached with the five largest banks and mortgage servicers, including Chase (collectively, the "Banks."). *See* First Amended Complaint, ECF No. 16, PageID # 310-13.

The Fountains say that the National Mortgage Settlement was memorialized in a Consent Judgment filed in the United States District Court for the District of Columbia in 2012. The agreement allegedly provided various benefits and relief to borrowers whose loans were owned or serviced by the Banks. The Settlement also allegedly required the Banks to adhere to various servicing standards. *See* First Amended Complaint, ECF No. 16, PageID # 307-08; ECF No. 16-2 (copy of Consent Judgment).

The First Amended Complaint contains three counts: breach of the implied covenant of good faith and fair dealing (Count I); tortious breach of the covenant of good faith and fair dealing (Count II), and unfair and deceptive consumer practices (Count III). *See* ECF No. 16, PageID #s 310-15. The Fountains

3

claim that the wrongdoing alleged in all three counts involved violations of the terms of the National Mortgage Settlement.[1] *See id.*, PageID #s 312-15.

The Fountains seek money damages, punitive damages, attorneys' fees and costs, and other unspecified relief. *See id.*, PageID #s 315-16.

**III.     STANDARD.**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court's review is generally limited to the contents of a complaint. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Campanelli v. Bockrath*, 100 F.3d 1476, 1479 (9th Cir. 1996). If matters outside the pleadings are considered, the Rule 12(b)(6) motion is treated as one for summary judgment. *See Keams v. Tempe Tech. Inst., Inc.*, 110 F.3d 44, 46 (9th Cir. 1997); *Anderson v. Angelone*, 86 F.3d 932, 934

---

[1] The Fountains raise alleged violations of industry standards set forth in the National Mortgage Settlement in each of the three counts. *See* ECF No. 16, PageID #s 311-12, 14. The Fountains do not appear to be asserting an independent cause of action for breach of the National Mortgage Settlement. If the Fountains are attempting to assert an independent cause of action under the National Mortgage Settlement, this court questions whether such a private right of action exists. *See, e.g., In re Rivera*, 2015 WL 1515572, *8 n.11 (Bankr. N.D. Cal. Mar. 30, 2015) (holding that no private right of action exists under National Mortgage Settlement); *Fleshman v. Wells Fargo Bank, N.A.*, 27 F. Supp. 3d 1127, 1135-36 (D. Or. 2014) (same); *Lawrence v. Wells Fargo Bank, N.A.*, 2014 WL 2705425, at *6 (N.D. Cal. June 13, 2014) (same).

4

(9th Cir. 1996). However, the court may take judicial notice of and consider matters of public record without converting a Rule 12(b)(6) motion to dismiss into a motion for summary judgment. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1198 (9th Cir. 1988).

On a Rule 12(b)(6) motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. *Fed'n of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996). However, conclusory allegations of law, unwarranted deductions of fact, and unreasonable inferences are insufficient to defeat a motion to dismiss. *Sprewell*, 266 F.3d at 988; *Syntex Corp. Sec. Litig.*, 95 F.3d 922, 926 (9th Cir. 1996).

Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988) (citing *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984)).

"[T]o survive a Rule 12(b)(6) motion to dismiss, factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact."

5

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

**III.　ANALYSIS.**

　　**A.　Requests for Judicial Notice.**

As a preliminary matter, the court addresses Chase's requests for judicial notice of (1) the state court docket sheet in the state foreclosure action against the Fountains, *see* ECF No. 22-1, PageID # 443 n.4, and (2) the Warranty Deed recorded in the Bureau of Conveyances of the State of Hawaii as Document No. T-8899103, *see id.*, PageID # 444. n.5.

6

In adjudicating a motion to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court may "take judicial notice of 'matters of public record[,]'" as long as the facts noticed are not "subject to reasonable dispute." *Intri-Plex Techs., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007). Matters of public record that may be judicially noticed include documents filed with courts, "both within and without the federal judicial system, if those proceedings have a direct relation to the matters at issue." *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992). The court may also take judicial notice of records of government agencies. *See Dent v. Holder*, 627 F.3d 365, 371-72 (9th Cir. 2010) (taking judicial notice of agency records).

This court takes judicial notice of the state court docket sheet in *U.S. Bank Nat'l Ass'n v. Fountain*, 1CC13-1-001123, *see* ECF No. 22-2, PageID #s 459-60, because the document is publicly available, and the Fountains have not objected to Chase's request that it be judicially noticed. In addition, this court was able to independently verify that the document is publicly available via the Hawaii State Judiciary records database, Ho`ohiki. *See* http://hoohiki.courts.hawaii.gov/ (search "Case ID" for "1CC13-1-001123"; click on "Document List") (last visited May 23, 2017).

7

The court also takes judicial notice of the Warranty Deed through which the Fountains transferred their interest in the property, see ECF No. 22-3, PageID #s 461-67, because it is filed with a government agency, and the Fountains have not objected to Chase's request that it be judicially noticed.

> **B. The Court Dismisses the Breach of the Implied Covenant of Good Faith and Fair Dealing Claims Asserted in Counts I and II of the First Amended Complaint.**

Counts I and II of the First Amended Complaint assert breaches of the implied covenant of good faith and fair dealing.

To the extent these claims are asserted under section 490:1-304 of Hawaii Revised Statutes, part of Hawaii's version of the Uniform Commercial Code, the claims fail. Section 490:1-304 states, "Every contract or duty within this chapter imposes an obligation of good faith in its performance and enforcement." It is not at all clear that Chase's alleged failure to process a loan modification request falls within Hawaii's Uniform Commercial Code. But even if the court accepts the Fountain's argument that Chase "interfered with . . . [their] right to receive the benefits of the [Mortgage] contract by knowingly interfering with the loan modification process," no independent claim for a breach of the duty of good faith and fair dealing in violation of section 490:1-304 exists. The comment to that section clearly states:

> The section does not support an independent cause of action for failure to perform or enforce in good faith. Rather, this section means that a failure to perform or enforce, in good faith, a specific duty or obligation under the contract, constitutes a breach of that contract or makes unavailable, under the particular circumstances, a remedial right or power.

Haw. Rev. Stat. § 490:1-304, cmt. 1. Accordingly, this court has held that section 490:1-304 does not create an independent cause of action. *See Lynch v. Fed. Nat'l Mortg. Ass'n*, 2016 WL 6776283, at *9 (D. Haw. Nov. 15, 2016); *Agbannaoag v. Ocwen Loan Servicing, LLC*, 2016 WL 6436620, at *6 (D. Haw. Oct. 25, 2016); *Courter v. Karolle*, 2013 WL 2468360, at *11 (D. Haw. June 6, 2013); *Stoebner Motors, Inc. v. Automobili Lamborghini S.P.A.*, 459 F. Supp. 2d 1028, 1037-38 (D. Haw. 2006).

Even if section 490:1-304 is inapplicable, this court applies the principle that "every contract contains an implied covenant of good faith and fair dealing that neither party will do anything that will deprive the other of the benefits of the agreement." *See Best Place v. Penn Am. Ins. Co.*, 82 Haw. 120, 124, 920 P.2d 334, 338 (1996) (citations omitted). Other cases in this district have characterized such claims for breaches of the implied covenant of good faith and fair dealing as claims for the tort of bad faith. *See Ramelb v. Newport Lending Corp.*, 2014 WL 229186, *3 (D. Haw. Jan. 14, 2014); *Tedder v. Deutsche Bank Nat'l Trust Co.*, 863 F. Supp. 2d 1020, 1039 (D. Haw. 2012);

9

*Phillips v. Bank of Am.*, 2011 WL 240813, *5 (D. Haw. Jan. 21, 2011).

"In *Best Place*, the Hawaii Supreme Court noted that although Hawai`i law imposes a duty of good faith and fair dealing in all contracts, whether a breach of this duty will give rise to a bad faith tort cause of action depends on the duties inherent in a particular type of contract." *Jou v. Nat'l Interstate Ins. Co. of Haw.*, 114 Haw. 122, 129, 157 P.3d 561, 568 (Haw. App. 2007). "The court concluded that special characteristics distinguished insurance contracts from other contracts and justified the recognition of a bad faith tort cause of action for the insured in the context of first- and third-party insurance contracts." *Id.* "These special characteristics included the public interest in insurance contracts, the nature of insurance contracts, and the inequity in bargaining power between the insurer and the policyholder." *Id.* (alterations, quotation marks, and citation omitted).

Although Hawaii courts recognize bad faith as an independent tort in the context of an insurance contract, *see Best Place*, 82 Haw. at 128, 920 P.2d at 342, the tort has not been recognized in Hawaii based on a mortgage loan contract. *See Lynch v. Fed. Nat'l Mortg. Ass'n, 2016 WL 6776283*, at *9 (D. Haw. Nov. 15, 2016); *Fleck v. CitiMortgage,* Inc., 2015 WL 2188595, *3 (D. Haw. May 8, 2015); *Ramelb*, 2014 WL 229186, *3; *Newcomb v.*

10

*Cambridge Home Loans, Inc.*, 861 F. Supp. 2d 1153, 1165 (D. Haw. 2012); *Phillips*, 2011 WL 240813, *5. This court agrees that it is unlikely that the Hawaii Supreme Court would recognize the tort of bad faith in the context of a mortgage loan contract. *See Francis v. Lee Enters.*, 89 Haw. 234, 238, 971 P.2d 707, 711 (1999) ("Other jurisdictions recognizing the tort of bad faith . . . limit such claims to the insurance context"); *Best Place*, 82 Haw. at 132, 920 P.2d at 346 ("The policy considerations surrounding the adoption of the tort of bad faith in the insurance context are atypical and will not necessarily extend to all types of contracts.").

Accordingly, to the extent the Fountains are asserting an independent cause of action for an alleged breach of the duty of good faith and fair dealing (Count I) and to the extent they are asserting the tort of bad faith (Count II), the claims are dismissed.

### C. The Court Dismisses Count III, Which Asserts a Claim of Unfair and Deceptive Consumer Practices.

Count III of the First Amended Complaint asserts a violation of section 480-2(a) of the Hawaii Revised Statutes, which states, "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are unlawful." Two distinct causes of action exist under section 480-2: claims alleging unfair methods of competition and claims alleging unfair or deceptive acts or

11

practices.  *See Haw. Med. Ass'n v. Haw. Med. Serv. Ass'n*, 113 Haw. 77, 110, 148 P.3d 1179, 1212 (2006).  The Fountains assert only an unfair or deceptive acts or practices claim.

To state a claim for unfair and deceptive acts or practices, the Fountains must plausibly allege (1) that they are consumers, (2) that Chase violated section 480-2(a) of Hawaii Revised Statutes by engaging in an unfair or deceptive act or practice, and (3) that they suffered an injury resulting in damages.  *See Compton v. Countrywide Fin. Corp*, 761 F.3d 1046, 1056 (9th Cir. 2014).  In *Hawaii Community Federal Credit Union v. Keka*, 94 Haw. 213, 227, 11 P.3d 1, 15 (2000), the Hawaii Supreme Court noted that a mortgage loan secured by a residence is "conduct of any trade and commerce" involving "consumers" for purposes of a section 480-2 claim.

The Fountains concede that Count III of their First Amended Complaint is deficient.  *See* ECF No. 32, PageID # 694 ("The Fountains have filed a Motion for Leave to File a Second Amended Complaint to address the deficiencies in their Unfair and Deceptive Acts or Practices ('UDAP') claim.").  The court agrees with this concession.  Although the First Amended Complaint alleges facts supporting the Fountains' status as consumers by virtue of their status as loan borrowers, the First Amended Complaint fails to allege facts sufficient to support an unfair or deceptive trade practice claim.

"'The question of whether a practice constitutes an unfair or deceptive trade practice is ordinarily a question of fact.'" *Hungate v. Law Office of David B. Rosen*, 139 Haw. 394, 410, 391 P.3d 1, 17 (2017) (quoting *Balthazar v. Verizon Haw., Inc.*, 109 Hawai'i 69, 72 n.4, 123 P.3d 194, 197 n.4 (2005)). The First Amended Complaint alleges that Chase sent the Fountains a loan modification document that had prefilled blanks with the wrong property address and wrong loan numbers and that were not completely prefilled. *See* First Amended Complaint, ECF No. 16, PageID # 314. It also alleges that Chase requested an additional signature on a completed application but then sent the Fountains a blank form, rather than the one that simply needed the signature. *Id.*, PageID # 315. Even if these allegations might show sloppiness or error, they do not, without more, suggest any "unfair" act or practice. Something is unfair if it "offends established public policy, . . . is immoral, unethical, oppressive, unscrupulous or substantially injurious to customers." *State ex rel. Bronster v. United States Steel Corp.*, 82 Haw. 32, 51, 919 P.2d 294, 313 (1996). *Accord Hungate*, 139 Haw. at 411, 391 P.3d at 18. It is not clear how the alleged actions meet any of those criteria. Nor do the Fountains demonstrate a "deceptive" act or practice, which is one that has "the capacity or tendency to mislead or deceive." *Courbat v. Dahana Ranch, Inc.*, 111 Haw. 254, 261, 141 P.3d 427, 434 (2006);

13

*see also Hungate*, 139 Haw. at 411, 391 P.3d at 18 (2017) ("A deceptive act or practice is (1) a representation, omission, or practice that (2) is likely to mislead consumers acting reasonably under the circumstances [where] (3) the representation, omission, or practice is material." (alterations and citation omitted)).

The First Amended Complaint alleges that Chase failed "to review and respond responsibly to the FOUNTAINS['] loan modification requests." *See* First Amended Complaint, ECF No. 16, PageID # 314. This allegation could involve actions that were "unscrupulous or substantially injurious to consumers." However, there is insufficient factual detail to determine that, if true, the alleged actions were unfair or deceptive. In addition, the term "responsibly" needs context to provide any notice at all to Chase of exactly what it allegedly did wrong.

As the Supreme Court noted in *Twombly*, 550 U.S. at 555, "to survive a Rule 12(b)(6) motion to dismiss, factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact." The simple allegation that Chase failed to review and respond responsibly to a loan modification request does not "raise a right to relief above the speculative level." It amounts to little more than "an

14

unadorned, the-defendant-unlawfully-harmed-me accusation."
*Iqbal*, 556 U.S. at 678.

The First Amended Complaint specifically alleges that Chase violated Section 480-2(a) of Hawaii Revised Statutes by

> a. failing to timely and accurately respond to foreclosure alternative options;
> b. charging excessive or improper fees for default-related services;
> c. failing to properly oversee the corporate procedures in review of loan modification requests;
> d. providing blank, incorrect, and incomplete documents in response to loan modification requests;
> e. providing borrowers false or misleading information in response to borrower complaints; and
> f. failing to maintain appropriate staffing, training, and quality control systems.

*See* ECF No. 16, PageID # 310. These bare assertions that Chase has violated the law similarly fail to allege sufficient facts to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The reference to "excessive or improper fees," for instance, includes no suggestion as to the nature of the fees involved, much less as to what made them improper or excessive. Similarly, the reference to "false or misleading information" is in the nature of a misrepresentation allegation that fails to identify the specific statements in issue."

**IV.   CONCLUSION.**

Defendants' motion to dismiss is granted without a hearing. Given Plaintiffs' second motion for leave to file a

15

Second Amended Complaint, the Clerk of Court shall refrain from closing this case at this time.

    IT IS SO ORDERED.

    DATED: Honolulu, Hawaii, May 24, 2017.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

Fountain, et al. v. JP Morgan Chase, Civ. No. 15 00119 SOM/RLP; ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT