```
IN THE UNITED STATES DISTRICT COURT

      FOR THE DISTRICT OF HAWAII

ROSITA FOUNTAIN, ET AL.,          ) CIVIL NO. 15-00119 SOM-RLP
                                  )
         Plaintiffs,              ) ORDER DENYING PLAINTIFFS ROSITA
                                  ) FOUNTAIN AND LESLIE FOUNTAIN'S
     vs.                          ) MOTION FOR LEAVE TO FILE SECOND
                                  ) AMENDED COMPLAINT
JPMORGAN CHASE BANK, N.A., ET     )
AL.,                              )
                                  )
         Defendants.              )
_____ )
```

ORDER DENYING PLAINTIFFS ROSITA FOUNTAIN AND LESLIE
FOUNTAIN'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Before the Court is Plaintiffs Rosita Fountain and Leslie Fountain's Motion for Leave to File Second Amended Complaint, filed May 17, 2017 ("Motion"). ECF No. 45. Defendant JPMorgan Chase Bank, N.A. filed its Opposition to the Motion on May 31, 2017. ECF No. 49. The Fountains filed their Reply on June 20, 2017, after the Court granted them leave to file a late reply. ECF Nos. 51, 52. The Court found this matter suitable for disposition without a hearing pursuant to Local Rule 7.2(d). ECF No. 46. After carefully reviewing the submissions of the parties and the relevant legal authority, the Court DENIES the Motion.

BACKGROUND

In 2005, the Fountains obtained a loan from Long Beach Mortgage Company, secured by a mortgage on their home in Mililani, Hawaii. See ECF No. 45-2, Proposed Second Amended Complaint, ¶ 2. Defendant JP Morgan Chase Bank, N.A., ("JPMC")

serviced the Fountains' mortgage. Id. ¶¶ 3, 41. The Fountains allege that JPMC failed to meet its obligations as servicer of their mortgage in handling their loan modification requests. Id. ¶¶ 45, 47, 48, 62. The Fountains' mortgage was not modified, and a foreclosure action was filed against them in Hawaii state court. See ECF No. 48 at 2. The foreclosure action was voluntarily dismissed after the Fountains sold their home and paid off the loan. See id.

In their First Amended Complaint, the Fountains asserted the following claims against JPMC: breach of implied covenant of good faith and fair dealing, tortious breach of the covenant of good faith and fair dealing, and unfair and deceptive consumer practices. Id. On May 24, 2017, the district court dismissed all three claims asserted in the First Amended Complaint. ECF No. 48.

In the present Motion, the Fountains seek leave to file a Second Amended Complaint asserting four claims against JPMC: unfair and deceptive acts or practices with respect to loan servicing, breach of contract, violation of the Fair Debt Collection Practices Act, and tortious interference with a business relationship transcending the contract. See ECF No. 45-2. In opposition, JPMC argues that the proposed claims are futile, that the Fountains delayed in bringing the proposed claims, that JPMC would be prejudiced by further amendment, and that the Fountains' conduct evidenced bad faith. See ECF No. 49.

DISCUSSION

Under Rule 15(a)(2) "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) states that leave to amend should be freely given when justice so requires. Id. Whether to grant leave to amend is within the court's discretion. Foman v. Davis, 371 U.S. 178, 182 (1962). In determining whether to grant leave to amend, courts consider several factors including undue delay, whether the opposing party will be prejudiced, futility of the amendment, and bad faith by the movant. Id. As discussed below, the Court finds that the claims asserted in the Proposed Second Amended Complaint are futile and, therefore, leave to amend is DENIED. Because the Court finds that the proposed claims are futile, the Court does not address the other arguments raised in JPMC's Opposition.

**A. Futility**

An amendment is futile if "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988). Here, JPMC argues that all of Plaintiffs' proposed claims are futile. See ECF No. 49 at 14-23.

**1. Proposed Claim for Unfair and Deceptive Acts or Practices with Respect to Loan Servicing (Count I)**

In the Proposed Second Amended Complaint, the Fountains

assert a claim for unfair and deceptive consumer practices with respect to loan servicing in violation of Hawaii Revised Statutes Section 480-2.  See ECF No. 45-2, Proposed Second Amended Complaint, ¶¶ 85-100.  To state a claim for unfair and deceptive acts or practices, the Fountains must plausibly allege (1) that they are consumers, (2) that JPMC engaged in an unfair or deceptive act or practice, and (3) that they suffered an injury resulting in damages.  See Compton v. Countrywide Fin. Corp., 761 F.3d 1046, 1056 (9th Cir. 2014).  For purposes of a Section 480-2 claim, a mortgage loan secured by a residence is "conduct of any trade and commerce" involving "consumers."  Haw. Cmty. Fed. Credit Union v. Keka, 94 Haw. 213, 227 (Haw. 2000).

      The district court dismissed the Section 480-2 claim in the First Amended Complaint holding that the Fountains failed to allege facts sufficient to support the claim.  See ECF No. 48 at 12-15.  The district court noted that the First Amended Complaint alleged that JPMC violated Section 480-2 by failing to timely and accurately respond to foreclosure alternative options, charging excessive or improper fees for default-related services, failing to properly oversee the corporate procedures in review of loan modification requests, providing blank, incorrect, and incomplete documents in response to loan modification requests, providing borrowers false or misleading information in response to borrower complaints, and failing to maintain appropriate staffing, training, and quality control systems.  Id. at 15.  The district

4

court held that the Fountains' allegations were insufficient to suggest an unfair act or practice because the Fountains failed to allege how the actions of JPMC offended established public policy or were "oppressive, unscrupulous or substantially injurious to customers." <u>Id.</u> (quoting <u>State ex rel. Bronster v. United States Steel Corp.</u>, 82 Haw. 32, 51 (Haw. 1996)). The district court also stated that the allegations failed demonstrate a deceptive act. <u>Id.</u> The district court concluded that the "bare assertions" regarding JPMC's loan servicing conduct contained in the First Amended Complaint failed to allege sufficient facts to state a claim. <u>Id.</u>

In the Proposed Second Amended Complaint, the Fountains allege many of the same facts regarding JPMC's purportedly unfair and deceptive loan servicing activities. <u>Compare</u> ECF No. 45-2 ¶¶ 48, 62 <u>with</u> ECF No. 16 ¶¶ 41, 46. For the same reasons as detailed in the district court's prior order, these "bare assertions" are insufficient to state a claim under Section 480-2. In addition to the facts previously alleged, the Fountains allege several new facts: that JPMC failed to "properly file mortgage documents" with the Bureau of Conveyances; that JPMC "lo[st] documents provided to them by the Fountains"; and that JPMC failed "to observe corporation formalities regarding the chain of title." <u>See</u> ECF No. 45-2 ¶¶ 1, 12, 44, 47, 54, 58, 62, 88, 90, 119. Although these facts were not previously alleged,

5

these facts are also not sufficient to state a claim under Section 480-2. As with the Fountains' prior allegations, the new allegation may show JPMC's sloppiness or error, but they do not, without more, demonstrate an unfair or deceptive practice. See ECF No. 48 at 13. None of the new allegations show that JPMC's actions were "immoral, unethical, oppressive, unscrupulous or substantially injurious." See Bronster, 82 Haw. at 51. Further, the Fountains fail to allege how JPMC's alleged actions have "the capacity or tendency to mislead or deceive." See Courbat v. Dahana Ranch, Inc., 111 Haw. 254, 261 (Haw. 2006). The allegations in the Proposed Second Amended Complaint do not provide sufficient detail to determine whether JPMC's actions were unfair or deceptive. Accordingly, the Court DENIES the Fountains' request for leave to assert a claim for unfair and deceptive consumer practices with respect to loan servicing in violation of Hawaii Revised Statutes Section 480-2 because such amendments would be futile.

### 2. Proposed Claim for Breach of Contract (Count II)

In the Proposed Second Amended Complaint, the Fountains assert a claim for breach of contract against JPMC. See ECF No. 45-2 ¶¶ 103-111. To state a claim for breach of contract, the Fountains must plausibly allege (1) the contract at issue; (2) the parties to the contract; (3) whether the Fountains performed under the contract; (4) the particular provision of the

contract allegedly violated; (5) when and how JPMC allegedly breached the contract; or (6) how the Fountains were injured. See Velez v. The Bank of N.Y. Mellon, No. CIV.10-00468 JMS/KSC, 2011 WL 572523, at *3 (D. Haw. Feb. 15, 2011).

Here, the allegations in the Proposed Second Amended Complaint are insufficient to state a claim for breach of contract because they do not identify a contract that the Fountains entered into with JPMC. The Fountains allege that JPMC serviced their mortgage. ECF No. 45-2 ¶ 3. The Fountains do not allege that they had a contract with JPMC. Instead, the Fountains allege that JPMC "acted with all of the same rights and responsibilities of the Lender and therefore should be held at the same accountability as the Lender in regards to the Mortgage contract." Id. ¶ 59. The Fountains allege that JPMC violated the terms of the mortgage by failing to mitigate damages as required by section 20 of the mortgage. Id. ¶¶ 45, 56. The Fountains also allege that JPMC "breached their contract with the Fountains" by failing to "responsibly handle the loan modification process, [] timely respond to loan modification requests, [] maintain accurate account information, charging of fraudulent fees, requesting excessive documentation, requesting documents that had already been received, providing misleading information, and fail[ing] to properly remediate inaccuracies in the Fountains' account." Id. ¶ 104. Because the Fountains do

7

not allege that they had a contractual relationship with JPMC, their claim for breach of contract must fail.  See Conder v. Home Sav. of Am., 680 F. Supp. 2d 1168, 1174 (C.D. Cal. 2010) (holding that the plaintiff failed to state a claim for breach of contract against a loan servicer because there was no contractual privity).  Accordingly, the Court DENIES the Fountains' request for leave to amend to assert a claim for breach of contract because such amendments would be futile.

**3. Proposed Claim for Violation of the Fair Debt Collection Practices Act (Count III)**

The Fountains seek leave to assert a claim for violation of the Fair Debt Collection Practices Act ("FDCPA") against JPMC.  See ECF No. 45-2 ¶¶ 112-115.  The Fountains allege that JPMC violated the FDCPA "by using abusive, deceptive, and unfair debt collection practices."  Id. ¶ 113.  Generally, the FDCPA prohibits "debt collectors" from engaging in various abusive and unfair practices in collecting debts.  See, e.g., Heintz v. Jenkins, 514 U.S. 291, 292 (1995).  To be liable for violating the FDCPA, a defendant must be a "debt collector" under the statute.  Id. at 294.

Here, the allegations in the Proposed Second Amended Complaint are insufficient to state a claim for violation of the FDCPA because JPMC is not a debt collector.  "[C]ourts have consistently held that the FDCPA does not apply to, among others,

mortgage servicing companies, or assignees of the mortgage debt, if the debt was not in default at the time the debt was obtained." Klohs v. Wells Fargo Bank, N.A., 901 F. Supp. 2d 1253, 1258 (D. Haw. 2012) (collecting cases); see also 15 U.S.C. § 1692a(6). The Fountains do not allege that JPMC became the servicer of their mortgage after it was in default. Because JPMC is not a debt collector under the FDCPA, the Fountains' claim for violation of the FDCPA must fail. See Kohls, 901 F. Supp. 2d at 1258 ("nothing in the Complaint alleges that the loan is in default, much less was in default when Wells Fargo obtained servicing rights. Thus, given the clear weight of authority, Wells Fargo is not (or was not) a 'debt collector' within the meaning of the FDCPA"). Accordingly, the Court DENIES the Fountains' request for leave to amend their complaint to assert a claim for violation of the FDCPA because such amendments would be futile.

**4. Proposed Claim for Tortious Interference With a Business Relationship Transcending the Contract (Count IV)**

It is unclear in the Proposed Second Amended Complaint the precise claim that the Fountains are seeking to assert in Count IV. See ECF No. 45-2 ¶¶ 116-120. The Fountains allege that JPMC "committed a tort by interfering with a business relationship" and also allege that "committing this tort . . . is a tortious violation of the breach of contract." Id. ¶ 117. To

the extent the Fountains are attempting to assert a tortious breach of contract claim, such claim must fail because Hawaii does not recognize a claim for tortious breach of contract. See Francis v. Lee Enters., 89 Haw. 234, 238-39 (Haw. 1999); Kapunakea Partners v. Equilon Enters. LLC, 679 F. Supp. 2d 1203, 1218-19 (D. Haw. 2009).

To the extent the Fountains are attempting to assert a claim for tortious interference with a business relationship, that claim also fails.  To state a claim for tortious interference, the plaintiff must plausibly allege:  "(1) the existence of a valid business relationship . . .; (2) knowledge of the relationship . . . by the defendant; (3) a purposeful intent to interfere with the relationship . . .; (4) legal causation between the act of interference and the impairment of the relationship . . . ; and (5) actual damages." Bodell Constr. Co. v. Ohio Pac. Tech, Inc., 458 F. Supp. 2d 1153, 1163 (D. Haw. 2006) (citing Robert's Haw. Sch. Bus, Inc. v. Laupahoehoe Transp. Co., 91 Haw. 224, 258 (Haw. 1999)).  The Fountains fail to allege all of the required elements.  The Fountains allege that JPMC interfered with the Fountains' "performance by knowingly providing inaccurate account information and misleading loan modification attempts when [JPMC] lost documentation, provided approvals with incorrect loan numbers and property address, and informed the Fountains they were sending specific documents to

10

complete the Fountains loan modification and instead sending blank documents to restart the process." ECF No. 45-2 ¶ 119. However, the Fountains do not allege any facts regarding the business relationship that JPMC allegedly interfered with, JPMC's purposeful intent to interfere with that relationship, or the legal causation between the purported interference and the impairment of the relationship. Because the Fountains fail to allege all of the required elements, their claim for tortious interference must fail. Accordingly, the Court DENIES the Fountains' request for leave to amend their complaint to assert a claim for tortious interference with a business relationship because such amendments would be futile.

CONCLUSION

The Court DENIES Plaintiffs Rosita Fountain and Leslie Fountain's Motion for Leave to File Second Amended Complaint.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, JUNE 23, 2017.

Richard L. Puglisi
United States Magistrate Judge

**FOUNTAIN, ET AL. V. JPMORGAN CHASE BANK, N.A., ET AL.; CIVIL NO. 15-00119 SOM-RLP; ORDER DENYING PLAINTIFFS ROSITA FOUNTAIN AND LESLIE FOUNTAIN'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**